UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

KORTNEY LEE ELZEY,

    Plaintiff,

    v.                              CAUSE NO. 1:24-CV-21-HAB-SLC

CHRIS NEWTON, JENNIFER NEWTON,
and 24/7 TOWING, LLC,

    Defendants.

OPINION AND ORDER

Kortney Lee Elzey, a prisoner without a lawyer, filed an amended complaint alleging his truck was illegally seized and his related State court lawsuit was dismissed. ECF 5. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Elzey alleges Sheriff Chris Newton ordered 24/7 Towing, LLC, to seize his truck in December 2020. He acknowledges "the statute of limitations may bar" this claim. ECF 5 at ¶ 11. He is correct. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F.*

*Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). In some circumstances, "the doctrine of equitable tolling may apply. Equitable tolling halts the limitations clock when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (quotation marks and citation omitted). Here, equitable tolling is inapplicable because Elzey knew of these events shortly after they happened. ECF 5 at ¶¶ 5-6. He was not prevented from filing sooner because he filed a lawsuit in State court related to the seizure of his truck in March 2022. *See* ECF 5 at ¶ 7. Though the statute of limitations is an affirmative defense, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted).

Elzey also alleges Judge Jennifer Newton dismissed his State court lawsuit. He alleges she did this because she is married to Sheriff Chris Newton and "has a personal prejudice" against him. ECF 5 at ¶ 8. He acknowledges judges have immunity. *Id.* at ¶ 9. He is correct. "A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Dismissing his lawsuit was within the jurisdiction of Judge Newton. She has judicial immunity.

It is legally frivolous to bring a claim long after the statute of limitations expired. It is legally frivolous to sue a judge who has judicial immunity. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A because it is frivolous.

SO ORDERED on February 24, 2025.

        s/Holly A. Brady  
        CHIEF JUDGE  
        UNITED STATES DISTRICT COURT